**William GILREATH, Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, Appellee.**

**No. 22726.**

United States Court of Appeals Ninth Circuit.

Feb. 20, 1969.

Rehearing Denied April 9, 1969.

William Gilreath, pro. per.

Gary K. Nelson, Atty. Gen., Norval C. Jesperson, Asst. Atty. Gen., Phoenix, Ariz., for appellee.

Before BARNES, ELY, and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Appellant Gilreath appeals from an order of the District Court denying his petition for a writ of habeas corpus. (28 U.S.C. § 2253.) He is serving a life sentence following his state court conviction of first degree murder.

Appellant contends that there was constitutional error in his trial in admitting into evidence his extrajudicial statements to police officers and in failing to permit him to testify during a hearing to determine the voluntariness of the challenged statements.

Two officers testified at the hearing on voluntariness. Each officer described the circumstances of appellant's interrogations and each testified about the admonitions given to appellant before he talked. Appellant's attack is focused on the third and last conversation with the police. He claims that Officer Sellers did not then adequately admonish him and that he did not then waive his right to counsel. He concedes, as he must on this record, that the colloquies preceding his prior statements complied with *Escobedo* standards.[1] In testifying about the third conversation with appellant, Officer Sellers did not restate the admonition he gave appellant. He testified that he "again advised" appellant "of his rights" and appellant "agreed to talk to

me again." No amplification of Sellers' testimony was sought by the prosecuting attorney or by appellant's trial counsel during his cross-examination of Sellers. Sellers' testimony about the third conversation must be read in the context of his prior testimony about his second conversation, which had taken place two hours earlier. Appellant's trial counsel made no objection of any kind at any time to the admission of Sellers' testimony. There is nothing in the record to suggest that appellant was ever denied counsel.

At the conclusion of the hearing the trial court expressly found that appellant's statements were voluntary. The finding is adequately supported by the record. Under the circumstances of this case the court's implied finding that on the third interview Sellers repeated the full admonition he had given earlier to appellant that appellant, knowing his rights, again agreed to talk, is justified.

Defense counsel's strategy is apparent from the record. The substance of the statements which appellant gave to the police was that appellant had stabbed his wife, but he did so under circumstances which supported his claim of self-defense. Appellant had no reasonable expectation of convincing the jury that there was a reasonable doubt about appellant's having stabbed his wife. There was eyewitness testimony to that fact. Appellant's hope was to convince the jury that the homicide was justifiable. Defense counsel wanted appellant's statements to the police to be introduced to add convincing force to appellant's testimony on the stand exculpating appellant. Appellant did testify before the jury and told the jury the same story he had earlier told the police. The strategy failed because the jury did not believe his twice-told claim of self-defense.

Appellant did not testify at the hearing, as he had a right to do, and he never

1. Escobedo v. Illinois (1964) 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. The requirements of Miranda v. Arizona (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 are inapplicable because appellant was tried before June 13, 1966. Johnson v. New Jersey (1966) 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

sought to do so. (Cf. United States v. Carignan (1951) 342 U.S. 36, 38, 72 S. Ct. 97, 96 L.Ed. 48.) It is evident that his decision in this respect was not dictated by any conduct on the trial court's part, but was a part of the defense strategy we have described. (Cf. Henry v. Mississippi (1965) 379 U.S. 443, 85 S. Ct. 564, 13 L.Ed.2d 408.)

The order is affirmed.