UNITED STATES of America ex rel. David GREEN, H–5527, Petitioner,

v.

Alfred T. RUNDLE, Supt., et al., Respondent.

Misc. No. 3708.

United States District Court E. D. Pennsylvania.

June 30, 1969.

No appearance for petitioner.

Michael J. Rotko, Deputy Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

The disposition of this habeas corpus case has been unfortunately delayed due to a misunderstanding on the part of the Court. It was my impression, following the taking of testimony in this Court, briefs were to be filed; however, a check of the transcript of the hearing reveals that it was agreed that the disposition of this case need not await the filing of briefs.

The relator was indicted for a rape which was alleged to have occurred on July 3, 1965. Later, he was also indicted for assault and battery, resisting arrest, and related offenses, alleged to have occurred on August 23, 1965. Apparently, the two indictments were consolidated for trial, for on April 21, 1966, the relator was jointly tried and convicted on both indictments.[1] The state trial record does not disclose how the indictments came to be consolidated, nor does it disclose any objection to the consolidation, by either the petitioner or his court-appointed counsel, a member of the Voluntary Defenders Staff.

With respect to the rape charge, the state trial record reveals that the prosecutrix admitted that she accepted an invitation to come to the apartment of the relator's brother for a "party" one evening after work, and that she later was instrumental in calling another girl to the party. The relator, his brother, and the two young ladies were the only persons present in the apartment. There was dancing and drinking. The prosecutrix testified that she was pushed into a bedroom and raped; the relator claims that the act was consensual.

The alleged rape was reported to the police the same evening. When the relator learned that the accusation had been made, he voluntarily surrendered at the police station the next day.

From the foregoing recital, it is obvious that the relative credibility of the prosecutrix and the relator was the crucial issue at the trial. It is also clear that the Commonwealth's case was not especially strong, and that many of the surrounding circumstances tended to support the defendant's version of the facts. In short, this was the kind of situation where extraneous prejudicial considerations might easily tip the balance one way or the other.

Unfortunately, the possibility of a fair trial in the rape case was virtually eliminated by the joint trial for resisting arrest; which arose out of seemingly unrelated events on August 23, 1965.

1. Petitioner was sentenced to four to ten years for rape; sentence was suspended on the remaining charges.

Police officers testified that they heard shots, and saw the defendant pointing what they believed to be a pistol; that as they approached, the defendant threw away the object he had been holding, and they never did find it; that the defendant said, "I only took two dollars from the man", and clutched two dollars in his hand; and that the defendant was drunk, resisted arrest, and had to be subdued by force.

In view of the fact that neither the petitioner nor his counsel objected to the consolidation of the two indictments, and particularly in view of the suggestion, at the habeas corpus hearing in this Court, that petitioner's trial counsel may have been under the [mistaken] impression that consolidation was good trial strategy, it may well be that the prejudicial joinder would not alone justify the conclusion that the petitioner was deprived of due process of law. But the prejudice inherent in the consolidation was confounded in this case by the absence of any cautionary instruction to the jury not to consider the August assault and battery evidence as proof of the July rape. Indeed, the inference is inescapable that at the conclusion of the court's brief, perfunctory, charge, the jury was left with the impression that petitioner's conduct in the August episode could properly affect their evaluation of his character and credibility in connection with the earlier charge.

On the whole record, I have concluded that the petitioner's trial was basically unfair, amounting to a deprivation of due process in the Federal constitutional sense. In view of this conclusion, it is unnecessary to decide whether petitioner's representation by counsel was inadequate by Sixth Amendment standards, and whether he has properly raised this issue, or exhausted his state remedies thereupon.

### ORDER

And now, this 30th day of June 1969, the petition of David Green for a writ of habeas corpus is granted, and it is ordered that the relator be forthwith discharged from custody. It is further ordered that the execution of the writ be stayed for a period of ten (10) days in order to permit the Commonwealth to appeal.

It is further ordered that, if no appeal from this order is taken within said ten (10) day period, the Commonwealth may obtain a further stay of the issuance of the writ and of relator's release from custody by signifying its intention to retry the petitioner and thereafter proceeding with reasonable promptness to retry the petitioner, and by according to the petitioner in the interim all of the rights of an untried prisoner, including the right to enlargement upon reasonable bail.