Charles E. EVANS, Appellant,

v.

H. C. CUPP, Warden, Oregon State Penitentiary, Appellee.

No. 22853.

United States Court of Appeals
Ninth Circuit.

Aug. 22, 1969.

Jerome Marks (argued) and Gerald N. Hill, San Francisco, Cal., for appellant.

Jacob B. Tanzer (argued) Sol. Gen., Lee Johnson, Atty. Gen., Salem Or., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and BURKE *, District Judge.

DUNIWAY, Circuit Judge:

Habeas corpus. Evans was convicted in Oregon state court on October 23, 1964, of rape, upon a jury verdict of ten for conviction and· two for acquittal.

---

\* Honorable Lloyd H. Burke, United States District Judge, Northern District of California, sitting by designation.

1. Or.Const. art. I, § 11.

His conviction was affirmed on direct appeal, State v. Evans (1965), 241 Or. 567, 407 P.2d 621. His application for a writ of habeas corpus was denied by the district court after an evidentiary hearing. His contentions will be considered seriatim.

■ 1. *Unanimous verdict.* Evans argues that his conviction by a less than unanimous jury pursuant to Oregon law [1] was a violation of the seventh amendment to the Constitution, made applicable to the states in Duncan v. Louisiana, 1968, 391 U.S. 145, 88 S.Ct. 1444, 20 L. Ed.2d 491, 522. However, *Duncan* is to receive only prospective application. De-Stefano v. Woods, 1968, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308. See also Delaney v. Gladden, 9 Cir. 1968, 397 F.2d 17, 22.

■ 2. *Prosecutorial comment.* Evans argues that the rule of Griffin v. California, 1965, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, was violated by the following comments of the prosecutor during closing argument:

"The defendant has been here in court. He hasn't been before us other than in person, bodily present.

\*    \*    \*    \*    \*    \*

Now, we haven't had the benefit of the defendant's testimony in this case. There was only one thing—there was only one way we can reach his mind or his thinking in this case and that involves his flight [from a state hospital after his arrest on the rape charges] \* \* \* The only conclusion is that \* \* \* he was guilty and he knew it. And as I said, this is the only insight, the single insight that we have to this man."

Evans' trial counsel did not object to these remarks either when they were made or on direct appeal, even though comment on failure to testify is error under Oregon law.[2] The trial court in-

---

2. See State v. Dennis, 1945, 177 Or. 73, 159 P.2d 838, 851, 161 P.2d 670; State v. Black, 1935, 150 Or. 269, 42 P.2d 171, 44 P.2d 162.

structed the jury that Evans' failure to take the stand in his own behalf could not be considered as a presumption or inference of guilt, and could not be held against him in any way.

We doubt that what the prosecutor said falls within the *Griffin* rule, but if it does, we hold that it was harmless beyond a reasonable doubt. See Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Furthermore, Evans has waived this point; he did not raise it either in the state courts or in the district court.

3. *Search and seizure.* A policeman investigating the crime interviewed Evans in his hotel room and asked him to accompany him to the county seat for further investigation. The policeman obtained Evans' consent to search his car, but did not warn him of his constitutional rights. The search disclosed a shotgun and blanket, which were introduced at trial without objection. Counsel later moved to suppress but subsequently expressly waived the motion.

■ Evans now claims that it was error to admit those items in evidence because the search was without warrant and not incident to a valid arrest or an intelligent consent. He says that his consent was not valid because he was not given a warning.

The district court correctly held that Evans' trial counsel deliberately waived the point as a matter of trial strategy. Henry v. Mississippi, 1965, 379 U.S. 443, 451, 85 S.Ct. 564, 13 L.Ed.2d 408; Curry v. Wilson, 9 Cir., 1968, 405 F.2d 110, 112. Counsel's strategy was to admit that Evans had a shotgun, that he had forced the complaining witness off the road, and that an act of intercourse had taken place, but to deny that there was any lack of consent. By not disputing the testimony of the complainant or any other witness on any issue except consent, and by not objecting to the introduction of such items as the shotgun and blanket, counsel sought to persuade the jury of Evans' sincerity and veracity. Counsel was evidently concerned with avoiding giving the jury the impression that Evans was trying to hide something. Objection would have enhanced the importance of the gun and the blanket in the eyes of the jury. This was certainly a reasonable strategy, even though it did not work. And it is binding on Evans.

Alternatively, Evans cannot succeed on the merits. He was tried in October of 1964, after Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 but before Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The Supreme Court has recently held that the states may construe *Escobedo* narrowly, and apply it only to cases in which the suspect has requested an attorney. Frazier v. Cupp, 1969, 394 U. S. 731, 738–739, 89 S.Ct. 1420, 22 L.Ed. 2d 684. Evans did not do so. *Miranda* is not applicable. Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L. Ed.2d 882. Consequently, we do not reach the question of whether, in a post-*Miranda* case, a suspect who is in custody can validly consent to a search of his property only if he has been informed of his constitutional rights.

4. *Perjured or misconstrued testimony.*

■ Evans claimed in the district court that perjured testimony was used against him. He has abandoned that claim, but now asserts that the Supreme Court of Oregon misconstrued the policeman's testimony, saying that the latter did not take Evans to the county seat after the gun and blanket were found. The Oregon court did so construe the testimony, and that was a misconstruction. Evans was arrested when the gun and blanket were found, and was taken to the county seat. But the Oregon court's error is not in this case of constitutional dimension; it did not result in denying any valid constitutional claim that Evans was asserting.

Affirmed.