UNITED STATES of America ex rel. David GREEN H–5527

v.

Alfred T. RUNDLE, Supt., et al., Appellants.

No. 18112.

United States Court of Appeals, Third Circuit.

Argued Sept. 24, 1971.

Decided Oct. 29, 1971.

---

James D. Crawford, Asst. Dist. Atty., Chief Appellate Section (Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellants.

Peter J. Verderame, Langhorne Manor, Pa., for appellee.

Before VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

### OPINION OF THE COURT

GIBBONS, Circuit Judge.

The Commonwealth of Pennsylvania appeals from a district court order, 303 F.Supp. 972, granting a writ of habeas corpus unless the petitioner is

afforded a new trial.[1] The petitioner was tried in the state court before a jury on April 21, 1966, on two separate indictments charging rape (July Sessions, 1965, No. 1368) and unlawfully resisting arrest (September Sessions, 1965, No. 428). The jury adjudged him guilty on both counts and he received a sentence of four to ten years for rape and a suspended sentence on the charge of resisting arrest. After the time for direct appeal had expired, petitioner sought relief under the Pennsylvania Post-Conviction Hearing Act, and a direct appeal *nunc pro tunc* was allowed. On appeal the judgment of sentence was affirmed by the Pennsylvania Superior Court. Commonwealth v. Green, 209 Pa.Super. 764, 230 A.2d 919 (1967). The Pennsylvania Supreme Court denied allocatur.

█ Thereupon petitioner filed a petition for federal habeas corpus. That petition alleged as grounds for relief essentially the same grounds which had been presented in the Pennsylvania Post-Conviction Hearing Act proceedings. These grounds were:

1. The prejudicial consolidation for trial of two indictments for dissimilar and unconnected offenses, rape and resisting arrest.

2. The failure of the trial court to give a cautionary instruction not to consider evidence of one offense as proof of the other.

3. The failure of defense counsel to accede to the petitioner's wish to be tried by the court without a jury, and counsel's insistence upon a jury trial.

4. The inadequacy of counsel.

The district court concluded that an evidentiary hearing was necessary, and, after that hearing, granted the writ on the ground that the consolidation for trial of the separate indictments, coupled with the absence of a cautionary charge, was so fundamentally unfair as to violate due process.[2] It did not reach petitioner's contentions with respect to counsel's insistence on a jury trial, or with respect to the adequacy of his representation.

On this appeal the Commonwealth urges that the district court erred in disregarding the failure by counsel for the petitioner to object to the consolidated trial or to request a cautionary charge. It urges that defense counsel permitted the consolidation as a matter of trial strategy and that such a strategic decision may not be reviewed in a federal habeas corpus proceeding unless the strategic decision was outside the range of normally competent representation. Here, it contends, the district court, with the benefit of hindsight, has merely substituted its tactical judgment for that of the defense counsel who tried the case. The rape charge resulted from a complaint, made on July 3, 1965, by the prosecutrix Sylvia Hall. Her testimony, uncorroborated except for a complaint to the police shortly after the incident and a medical report showing recent sexual intercourse, was the only evidence the Commonwealth produced on that charge. The appellee's defense was that the intercourse was consensual, and that the rape charge resulted from Miss Hall's vindictiveness at his refusal to pay her an agreed upon five dollars. Appellee voluntarily surrendered to the police at a police station when he was

1. The Commonwealth may, as it did here, appeal the grant of the writ without obtaining a certificate of probable cause. United States ex rel. Tillery v. Cavell, 294 F.2d 12 (3 Cir. 1961) cert. denied, Tillery v. Maroney, 370 U.S. 945, 82 S.Ct. 1589, 8 L.Ed.2d 811 (1962).

2. Following the district court's decision the appellee was paroled by the Commonwealth authorities. The parole does not render this case moot. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) ; Lyons v. Brierley, 435 F.2d 1214 (3 Cir. 1970). An affirmance of the district court probably would result in a new trial in the state court. A reversal would affect only future parole violations or convictions for later offenses.

informed of the rape complaint, and was released on bail.

The charge of resisting arrest grew out of an incident which occurred on August 27, 1965. The Commonwealth evidence on that charge was that two Philadelphia police officers on patrol in the vicinity of Haines and Garden Streets heard what sounded like gunshots. They observed a crowd of people, one of whom pointed to appellee who was standing apart from the others. As the officers approached they noticed something in appellee's hand which he threw against a wall, where it struck with a metallic sound. Appellee said, "I only took two dollars from the man," and clutched two dollars in his hand. He broke from the officers, started to run, and had to be subdued by force. The object which was thrown against the wall was not recovered. Appellee's defense was that, on August 27, 1965, he was defending himself against attack by friends of Sylvia Hall, the prosecutrix, whom she had sent to harm him. Instead of coming to his aid, the police allowed the attackers to disperse and arrested him for resisting an unlawful arrest.

At the habeas corpus hearing the Commonwealth produced the testimony of Austin Hogan, Esq., who at the time of the trial was an Assistant Voluntary Defender on the staff of the Philadelphia Voluntary Defender Association. Hogan had interviewed the appellee in advance of trial and had obtained appellee's version of both events. In his words:

"* * * it seemed to me, that he would testify well in his defense, that his defense could be presented as an integrated whole, that is to say his victimization by the complainant in the rape case and her vindictiveness extending to setting thugs upon him

as the basis for resisting arrest and assault and battery case, and for that reason I must have made the determination that it would have been best to try the whole case together."

There is no evidence controverting appellee's testimony that he did not personally participate in the decision by Hogan to try the cases together. It is clear that Hogan insisted upon a jury trial over the appellee's objection. Hogan was asked by the district court if, when he made the tactical decision that the two cases were to be tried together, he was aware that the police evidence as to the second charge would include hearing gunfire, seeing appellee throw away a metal object, and admitting, "I only took two dollars from the man." He acknowledged that he was not aware there would be such testimony.

We agree with the district court that as things developed it was disadvantageous to the defense of the rape charge, which turned solely on the credibility of the prosecutrix and the appellee, for the jury to hear testimony suggesting a possible armed robbery. Thus the record presents the case of a tactical choice made by an experienced attorney on the basis of information furnished by his client, which choice, as the evidence developed at the trial, proved to be disadvantageous. Yet the original tactical choice, based on the information on which the defense attorney acted, was well within the range of normally competent representation.[3] Indeed without the benefit of observation of the demeanor of the prosecutrix and the arresting officers it is impossible to say that a tactical choice not to move for a severance during the trial after the policemen testified, were such a late motion permitted by Pennsylvania practice, would be outside the range of normal competency.

---

3. Normal competency is the appropriate standard in this Circuit. Moore v. United States, 432 F.2d 730, 737 (3 Cir. 1970);

United States ex rel. Green v. Rundle, 434 F.2d 1112 (3 Cir. 1970).

■■ Pennsylvania law vests broad discretion in the trial judge in the matter of joinder of indictments for trial. Commonwealth v. Patrick, 416 Pa. 437, 445, 206 A.2d 295 (1965); Commonwealth ex rel. Bolish v. Banmiller, 396 Pa. 129, 151 A.2d 480 (1959) cert. denied 361 U.S. 898, 80 S.Ct. 201, 4 L.Ed. 2d 153 (1959); Commonwealth v. Kloiber, 378 Pa. 412, 106 A.2d 820 (1954); Commonwealth ex rel. Spencer v. Ashe, 364 Pa. 442, 71 A.2d 799 (1950). In Pennsylvania a motion for severance must be made prior to the commencement of the trial or it will be considered untimely. Commonwealth v. Bruno, 203 Pa.Super. 541, 201 A.2d 434 (1964); Commonwealth v. Flaherty, 167 Pa.Super. 19, 74 A.2d 506 (1950). The Pennsylvania practice with respect to joinder and severance has withstood habeas corpus attack in the past. United States ex rel. Dixon v. Cavell, 284 F.Supp. 535, 538 (E.D.Pa.1968).[4] *See also* United States ex rel. Tarallo v. La Vallee, 433 F.2d 4 (2 Cir. 1970); ABA Standards Relating to Joinder and Severance, Approved Draft 1968 § 2.1 and Comments p. 27.

■ Probably joinder of the rape and resisting arrest charges in one indictment would have been improper under Fed.R.Crim.P. 8(a). A joint trial of those charges as separate indictments would also be improper. Fed.R.Crim.P. 13. But Fed.R.Crim.P. 14, provides for a motion for severance, and when a defendant has failed to object under Rule 14 he has been deemed to have waived the objection on appeal. Daley v. United States, 231 F.2d 123, 126 (1 Cir. 1956) cert. denied 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484 (1956); United States v. Koritan, 182 F.Supp. 143, 145 (E.D.Pa.1960), aff'd 283 F.2d 516 (3 Cir. 1960). Where counsel has expressed satisfaction with consolidation for trial of separate indictments a federal appellate court has refused relief for improper joinder. Willis v. United States, 106 U.S.App.D.C. 211, 271 F.2d 477, 479 (D.C.Cir. 1959) cert. denied 362 U.S. 964, 80 S.Ct. 881, 4 L.Ed.2d 879 (1960) rehearing denied 363 U.S. 817, 80 S.Ct. 1250, 4 L.Ed.2d 1157 (1960). No more stringent procedural requirement should be imposed upon the Commonwealth.

■ Counsel for appellee argues that although the decision to proceed with a joint trial was a tactical choice it was not a choice in which the appellee personally participated, and should not, therefore, bar habeas corpus relief. If Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) was ever intended to require that every decision in the course of a state criminal proceeding include the defendant's personal participation before he is bound by it, we think that subsequent cases have limited that decision. *See* Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); United States ex rel. LaMolinare v. Duggan, 415 F.2d 730 (3 Cir. 1969). *Cf.* Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); United States ex rel. Johnson v. Cavell, Civil No. 19,299 at note 3 and accompanying text (3 Cir., 1971). An appraisal of the relative merits of a joint or of separate trials as a means to the desired end of acquittal on both counts was one in which the expertise of counsel was significant and the defendant's feelings on the matter insignificant.

Moreover the Pennsylvania court was entitled to rely, in this technical matter,

---

4. The Pennsylvania practice with respect to joinder and severance has withstood habeas corpus attack in the Supreme Court as well. Ashe v. United States ex rel. Valotta, 270 U.S. 424, 46 S.Ct. 333, 70 L.Ed. 662 (1926). It is doubtful, however, if the reasoning of Ashe v. United States ex rel. Valotta is viable authority since Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953) and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

on the fact that the defense attorney refrained from seeking a severance. Thus we find no merit in the appellee's contention that the defense attorney lacked authority to bind him to a waiver of the motion for a severance.

■ As to the failure of the court to charge that the evidence on one charge should not be considered as proof of the other charge, there was also a deliberate bypass by failure to object or to request such a charge. Commonwealth v. Bibalo, 375 Pa. 257, 100 A.2d 45 (1953). Here the implied authority of defense counsel to act for the defendant is even clearer than with respect to the severance motion. No more should be required of the Commonwealth than is required of district court judges by Fed. R.Crim.P. 30.

■ Thus we reject as untenable the reasons advanced by the district court for the grant of the writ. There remains for consideration appellee's contentions that against his will Attorney Hogan forced him to accept a trial before a jury and that his representation was not competent. Mr. Hogan testified that he insisted on a jury trial because in his judgment the judge to whom the case was assigned was especially harsh on defendants charged with rape. We can hardly speculate that the result would have been different had appellee been allowed to waive a jury trial. Moreover the appellee cannot say that he has been denied due process because he failed to receive a trial by the court without a jury. Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L. Ed.2d 630 (1964); United States v. Bowles, 428 F.2d 592 (2 Cir. 1970) cert. denied, 400 U.S. 928, 91 S.Ct. 193, 27 L. Ed.2d 188 (1970).

We have already indicated that the attorney's tactical decisions were within the range of normal competency with respect to the chief matter of which appellee complains.

The order of the district court will be reversed.