**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harry William PALMATEER, Defendant-Appellant.**

**No. 71–1748.**

United States Court of Appeals, Ninth Circuit.

Nov. 3, 1972.

2. United States v. Summerfield, 421 F.2d 684 (9th Cir. 1970).

Donald Del Grande, San Bruno, Cal., Carl E. Stewart, Hollywood, Cal., Roswell Bottum, Jr., Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Eric A. Nobles, Robert P. Scheinblum, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, HUFSTEDLER, and CHOY, Circuit Judges.

PER CURIAM:

Palmateer appeals from a conviction by a jury under 21 U.S.C. §§ 331(q)(3)(B) and 360a(c)(2) for possession of a stimulant or depressant drug. The evidence that formed the basis for his conviction was discovered during a warrantless search of appellant's prison cell at Terminal Island Correctional Institution where he was already incarcerated. The search of Palmateer's cell followed a "skin search" of appellant's person near the prison commissary during which a prison official had found a $5.00 bill, which is contraband in a prison, and a magazine that the official considered to be "pornographic." As a result of these violations of prison regulations, Palmateer's cell was searched in an effort to discover any additional contraband. Six capsules of secobarbital, a narcotic, were discovered in a crumpled cigarette package in Palmateer's locker. Appellant contends that this search violated his Fourth Amendment rights.

Prior to his trial, Palmateer failed to move under Rule 41(e), F.R.Crim. P. to suppress the evidence obtained during the search of his cell. Nor did he move to suppress the evidence when it was introduced during trial. His failure to make any motion to suppress the evidence appears to have been a conscious part of Palmateer's trial strategy. He apparently hoped to convince the jury that someone else had placed the drugs in his cell. Under these circumstances, it has been held that there is a waiver of the Fourth Amendment claim. Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Hill v. Nelson, 423 F.2d 167 (9th Cir. 1970); Evans v. Cupp, 415 F.2d 844 (9th Cir. 1969).

However, even if the merits of Palmateer's Fourth Amendment claim were reached, his conviction must also be affirmed. We recently decided in United States v. Hitchcock, 467 F.2d 1107 (9th Cir. 1972) that a warrantless search of a prisoner's cell is reasonable within the meaning of the Fourth Amendment. Furthermore, the need to maintain security and discipline provides another basis for dispensing with the warrant requirement in this case. Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919); United States v. Wilson, 447 F.2d 1 (9th Cir. 1971).