449 Pa. 584 (1972)
Commonwealth
v.
McGrogan, Petitioner.
Supreme Court of Pennsylvania.
Argued September 25, 1972.
November 30, 1972.
Before JONES, C.J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.
*585 John R. Cook, Assistant Public Defender, with him John J. Dean, Assistant Public Defender, and George H. Ross, Public Defender, for appellant.
J. Kent Culley, Assistant District Attorney, with him Carol Mary Los, Assistant District Attorney, and Robert W. Duggan, District Attorney, for Commonwealth, appellee.
OPINION BY MR. JUSTICE ROBERTS, November 30, 1972:
Appellant Robert E. McGrogan was tried by a jury in Allegheny County and found guilty of second degree murder. Post-trial motions were denied and he was sentenced to serve a term of not less than ten nor more than twenty years. Appellant's sole contention in this direct appeal is that the trial court erred in failing to instruct the jury on voluntary manslaughter. We affirm.
Appellant places principal reliance on the maxim that "[w]here there is some evidence which would reduce the crime to voluntary manslaughter, defendant is entitled to have the jury instructed upon the subject."[1] Although conceding that he neither admitted the slaying nor introduced evidence tending to establish *586 self-defense[2] or passion and provocation,[3] appellant argues that the factual basis for voluntary manslaughter here was established inferentially by the Commonwealth's evidence.[4] We need not, however, respond to appellant's argument, because we find the record clearly evinces that as part of his trial strategy appellant decided to forego the possibility of the jury returning a verdict of voluntary manslaughter.
It is, of course, firmly embedded within our system of criminal justice that certain decisions during trial are within the exclusive province of counsel. For instance, in the seminal case of Henry v. Mississippi, 379 U.S. 443, 85 S. Ct. 564 (1965), the United States Supreme Court acknowledged that the decision of whether to contemporaneously object to admission of evidence was one calling for the expertise and experience of *587 counsel, and that a failure to object at trial may constitute a "deliberate bypass" precluding the defendant from obtaining relief in the federal courts. Id. at 451-52, 85 S. Ct. at 569.[5]
The ABA Standards for Criminal Justice urge that "[t]he lawyer should seek to maintain a cooperative relationship at all stages, while maintaining also the ultimate choice and responsibility for the strategic and tactical decisions in the case."[6] The progeny of Henry, as well as decisional law predating Henry, have delineated the type of "strategic and tactical decisions" which must[7] be exercised by defense counsel alone. *588 Courts have held that such tactical decisions as whether to make a summation,[8] whether to request instructions,[9] whether to make a motion for change of venue,[10] whether to challenge hearsay statements,[11] and many others[12] are decisions to be made by defense counsel.
*589 The decision of whether to request a charge on voluntary manslaughter is clearly a matter of trial strategy that calls for the "ultimate choice and responsibility" of defense counsel. If no charge on voluntary manslaughter is requested, the effect is to limit the jury's options to either returning first or second degree murder or outright acquittal. The nature of the decision is such that "only trained experts can comprehend [its] full significance."[13] If, as a matter of constitutional law, trial strategy may govern the decision of whether to object to illegally obtained evidence, Henry, supra, a fortiori the state created substantive right of a charge on voluntary manslaughter is similarly a matter for trial strategy.[14]
*590 Turning our focus to the record, it clearly establishes that as a matter of trial strategy counsel sought to limit the jury's options to either finding first or second degree murder or outright acquittal. The evidence of the Commonwealth, although substantial, was somewhat conflicting as to appellant's actual conduct at the time of the slaying. Appellant's counsel could have reasonably decided that the jury might find the Commonwealth's evidence inconclusive and thus return a verdict of outright acquittal.
A colloquy between defense counsel and the court during the course of the trial further indicates the nature of counsel's trial strategy. The court expressed a desire to know whether appellant was seeking to establish a basis for self-defense and the following colloquy ensued: "THE COURT: Do I understand you intend to make a defense of self-defense in this case? Is that what you are trying to lead up too? MR. VILLAGE: No, your Honor. THE COURT: Then self-defense isn't what you intend to do? MR. VILLAGE: Not as far as I can determine at this time." At the conclusion of the trial appellant neither requested a charge *591 on voluntary manslaughter[15] nor did he interpose an objection when the court instructed the jury it could not return a verdict of voluntary manslaughter.[16]
The record amply supports the conclusion that as part of his evaluation of the Commonwealth's evidence trial counsel decided to forego a defense of self-defense and charge on voluntary manslaughter. Trial counsel did not either during cross-examination or through defense witnesses attempt to establish self-defense or any basis for voluntary manslaughter. Instead his trial strategy was to seek outright acquittal on the ground that appellant did not commit or participate in the slaying. In the face of trial counsel's considered choice, made with a "reasonable basis", to limit the jury's options, the trial court did not err in its charge. Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 604-05, 235 A. 2d 349, 352-53 (1967); see note 14 supra. And, as the Supreme Court noted in Henry, when for some reason counsel's deliberate trial strategy "backfires," the failure of the strategy cannot form the basis for relief upon review. 379 U.S. at 451, 85 S. Ct. at 569; Commonwealth ex rel. Washington v. Maroney, supra at 604-05, 235 A. 2d 352-53, see note 14 supra.
The judgment of sentence is affirmed.
CONCURRING OPINION BY MR. JUSTICE MANDERINO:
I concur in the affirmance of the judgment of sentence even though the trial court committed error in charging the jury by failing to instruct on voluntary manslaughter for the reasons expressed in my concurring opinion in Commonwealth v. Amato, 449 Pa. 592, 297 A. 2d 462 (1972).
NOTES
[1] Commonwealth v. LaRue, 381 Pa. 113, 121, 112 A. 2d 362, 367 (1955); Commonwealth v. Matthews, 446 Pa. 65, 285 A. 2d 510 (1971) (ROBERTS, J. and POMEROY, J., dissented on other grounds); Commonwealth v. Corbin, 432 Pa. 551, 247 A. 2d 584 (1968); Commonwealth v. Heckathorn, 429 Pa. 534, 241 A. 2d 97 (1968); Commonwealth v. Pavillard, 421 Pa. 571, 220 A. 2d 807 (1966); Commonwealth v. Flax, 331 Pa. 145, 200 Atl. 632 (1938); Commonwealth v. Yeager, 329 Pa. 81, 196 Atl. 827 (1938); Commonwealth v. Carroll, 326 Pa. 135, 191 Atl. 610 (1937); Commonwealth v. Miller, 313 Pa. 567, 170 Atl. 128 (1934).
[2] For the elements of self-defense see Commonwealth v. Walker, 447 Pa. 146, 228 A. 2d 741 (1972); Commonwealth v. Roundtree, 440 Pa. 199, 269 A. 2d 709 (1970); Commonwealth v. Johnston, 438 Pa. 485, 263 A. 2d 376 (1970).
[3] For the elements of a defense of provocation and passion, see Commonwealth v. McCusker, 448 Pa. 382, 292 A. 2d 286 (1972); Commonwealth v. Jennings, 442 Pa. 18, 274 A. 2d 767 (1971); Commonwealth v. Moore, 398 Pa. 198, 157 A. 2d 65 (1959); Commonwealth v. Donough, 377 Pa. 46, 103 A. 2d 694 (1954); Commonwealth v. Palermo, 368 Pa. 28, 81 A. 2d 540 (1951); Commonwealth v. Wucherer, 351 Pa. 305, 41 A. 2d 574 (1945); Commonwealth v. Flax, 331 Pa. 145, 200 Atl. 632 (1938); Commonwealth v. Colandro, 231 Pa. 343, 80 Atl. 571 (1911); Commonwealth v. Paese, 220 Pa. 371, 69 Atl. 891 (1908); Commonwealth v. Drum, 58 Pa. 9 (1868); see generally Michael and Wechsler: A Rationale of the Law of Homicide, 37 Colo. L. Rev. 1261, 1280-89 (1937); Note, Manslaughter and the Adequacy of Provocation: The Reasonableness of the Reasonable Man, 106 U. Pa. L. Rev. 1021 (1958).
[4] This Court has many times considered a defendant's alternative defenses. See, e.g., Commonwealth v. Walker, 447 Pa. 146, 288 A. 2d 741 (1972) (self-defense and provocation); Commonwealth v. Finnie, 415 Pa. 166, 202 A. 2d 85 (1964) (accident, self-defense and intoxication); Commonwealth v. Williams, 309 Pa. 529, 164 Atl. 532 (1932) (self-defense and insanity).
[5] As Judge LUMBARD noted in United States ex rel. Cruz v. LaVallee, 448 F. 2d 671, 679 (2nd Cir. 1971): "The Supreme Court stated in Henry v. Mississippi that `the deliberate bypassing by counsel of the contemporaneous  objection rule as a part of trial strategy would have [the] effect' of precluding the defendant from later asserting constitutional claims, even where the trial strategy was adopted by counsel without prior consultation with the defendant. 379 U.S. at 451-452, 85 S. Ct. at 569. A lawyer must be able to determine questions of strategy during trial; and unless there are exceptional circumstances or unless the lawyer is so incompetent as to deprive the defendant of the right to effective assistance of counsel, his decision regarding trial strategy must be binding." (Citations omitted.) (Footnote omitted.) See generally, Sandalow, Henry v. Mississippi and the Adequate State Ground: Proposals for a Revised Doctrine, 1965 Sup. Ct. Review 187 (1965).
[6] ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function, the Prosecution Function § 5.2(b) (Approved Draft 1971) (Commentary).
[7] In Nelson v. California, 346 F. 2d 73, 81 (9th Cir. 1965), cert. denied, 384 U.S. 1025, 86 S. Ct. 1942 (1966), the court held that a decision made by counsel as part of trial strategy was binding upon defendant even where the record disclosed that defendant disagreed with the decision. The court reasoned that "[i]f such decisions are to be made by the defendant, he is likely to do himself more harm than good, and . . . a contrary rule would seriously impair the constitutional guaranty of the right to counsel." Id. See also Rhay v. Browder, 342 F. 2d 345 (9th Cir. 1965).
[8] United States ex rel. Spears v. Johnson, 463 F. 2d 1024 (3rd Cir. 1972).
[9] United States ex rel. Green v. Rundle, 452 F. 2d 232 (3rd Cir. 1971); United States v. McKenzie, 409 F. 2d 983 (2nd Cir. 1969); Hester v. United States, 303 F. 2d 47 (10th Cir. 1962) (alternate holding).
[10] Kanieski v. Gagnon, 427 F. 2d 401 (7th Cir. 1970); United States ex rel. Agron v. Herold, 426 F. 2d 125 (2nd Cir. 1970); United States v. Marcello, 423 F. 2d 993 (5th Cir. 1970).
[11] Childs v. Cardwell, 452 F. 2d 541 (6th Cir. 1971); United States ex rel. Garcia v. Follette, 417 F. 2d 709 (2nd Cir. 1969).
[12] See also United States ex rel. Green v. Rundle, 452 F. 2d 232 (3rd Cir. 1971) (failure to make a motion for severance); Robinson v. United States, 448 F. 2d 1255 (8th Cir. 1971), and Vess v. Peyton, 352 F. 2d 325 (4th Cir. 1965) (failure to call certain witnesses); United States ex rel. Goldsby v. Harpole, 263 F. 2d 71 (5th Cir.), cert. denied, 361 U.S. 838, 80 S. Ct. 58 (1959) (challenge to composition of grand jury); United States ex rel. Bruno v. Herold, 408 F. 2d 125 (2nd Cir. 1969) (waiver of public trial); Huson v. Rhay, 446 F. 2d 861 (9th Cir. 1971) (failure to object to district attorney's remarks); Angle v. Laird, 429 F. 2d 892 (10th Cir. 1970) (failure to cross-examine); Terry v. Peyton, 433 F. 2d 1016 (4th Cir. 1970) (failure to object to in-court identification), but see Belton v. United States, 429 F. 2d 933 (10th Cir. 1970); Gilreath v. Eyman, 407 F. 2d 811 (9th Cir. 1969) (failure to have defendant testify), but see ABA Standards Relating to the Defense Function § 5.2(a) (Approved Draft 1971); Evans v. Cupp, 415 F. 2d 844 (9th Cir. 1969) (failure to challenge admissibility of evidence) (alternate holding); Nance v. United States, 440 F. 2d 617 (7th Cir. 1971) (failure to challenge voluntariness of confession); see also Commonwealth v. Snyder, 427 Pa. 83, 233 A. 2d 530 (1967); Commonwealth v. Garrett, 425 Pa. 594, 229 A. 2d 922 (1967); Commonwealth v. Jefferson, 423 Pa. 541, 226 A. 2d 765 (1967).

It is equally well settled that certain rights of a defendant require that he participate in the decision of whether to exercise them. The ABA Standards recommend that "[t]he decisions which are to be made by the accused after full consultation with counsel are: (i) what plea to enter; (ii) whether to waive jury trial; (iii) whether to testify in his own behalf." ABA Project Relating to the Defense Function § 5.2(a) (Approved Draft 1971). See Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822 (1963) (right of appeal); accord Commonwealth ex rel. Newsome v. Myers, 422 Pa. 240, 220 A. 2d 886 (1966); Brookhart v. Janis, 384 U.S. 1, 86 S. Ct. 1245 (1966) (plea of guilty); Camp v. Arkansas, 404 U.S. 69, 92 S. Ct. 307 (1971) (Griffin violation) (per curiam); Whitus v. Balkcom, 333 F. 2d 496 (5th Cir.), cert. denied, 379 U.S. 931, 85 S. Ct. 329 (1964) (attack on composition of petit jury), accord United States ex rel. Goldsby v. Harpole, supra; see Hall, Kamisar, LaFave, Israel, Modern Criminal Procedure, pp. 690-94, 1279-82; Note, Criminal Waiver: The Requirements of Personal Participation, Competence and Legitimate State Interest, 54 Cal. L. Rev. 1262 (1966). For a suggested analysis of what rights require the participation of defendant see United States ex rel. Bruno v. Herold, 408 F. 2d 125 (2nd Cir. 1969) (Judge WATERMAN, dissenting); see also Note, 54 Cal. L. Rev. 1262 (1966).
[13] ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function, the Defense Function § 5.2(b) (Approved Draft 1971) (commentary). The ABA Standards additionally suggest that "[a] lawyer should take care to consult with his client to the extent feasible on all matters affecting substantial rights." Id. at § 5.2(c) (commentary).
[14] In Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 604-605, 235 A. 2d 349, 352-53 (1967), we held: "The test [for ineffective assistance of counsel] is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Footnote omitted.)

If, however, the decision purportedly made by counsel has no "reasonable basis", see Commonwealth ex rel. Washington v. Maroney, supra, a defendant may successfully allege that he was deprived of the effective assistance of counsel. As was noted in United States ex rel. Bruno v. Herold, 408 F. 2d 125, 139 (2nd Cir. 1969) (Judge WATERMAN dissenting): "[A] waiver [is] imputable to the accused only when his counsel's decision is a deliberate one made by counsel affirmatively to enhance, in counsel's judgment, the accused's chances, and that just a mere default by counsel is not imputable to an accused as a waiver of his rights."
[15] Pa. R. Crim. P. 1119(b) states: "No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."
[16] Id.