Commonwealth *v.* Grove, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

294

*Richard H. Knox,* for appellant.

*Maxine J. Stotland, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 21, 1974:

The Appellant, James Grove, after a trial before a jury, was convicted of the crimes of aggravated robbery and burglary. The prosecution arose out of an armed holdup of a bartender by three individuals, at a Philadelphia tavern in 1971. Following his conviction and post-trial motions, the Appellant filed a direct appeal to our Court, in which, inter alia, he challenged the lower court's refusal before trial, to appoint private counsel to represent him, rather than the Public Defender, in whom the Appellant claimed he lacked confidence. Appellant was also denied a continuance which he sought in order to procure other counsel. The lower court had noted, at the time of post-trial motions, that arguments based on claims of ineffective counsel would more appropriately be raised in a Petition under the Post Conviction Hearing Act. On the direct appeal, we affirmed the conviction in a per curiam Order dated May 13, 1973. See *Commonwealth v. Grove,* 225 Pa. Superior Ct. 720, 306 A. 2d 380 (1973).

The present appeal is from the denial of Appellant's Petition, under the Post Conviction Hearing Act (hereinafter referred to as the PCHA); a hearing was held in this matter by the court below. At the hearing, the only testimony was that offered by the Appellant, Grove. He testified that he felt his trial counsel was ineffective for several reasons. Particularly, he related that he had advised his attorney, at the time of trial, that the bartender, who appeared as a witness against Grove at trial, had a prior criminal record. According to Grove, his trial counsel answered that he had called someone to find out about this matter, and had been advised that the bartender had no criminal record. Thus, Grove testified, his trial counsel refused his requests to cross-examine the witness on the matter of a prior record. Our review of the trial transcript supports the testimony of Grove in this latter particular.

The PCHA Court, without discrediting Grove, and noting that the trial court, in its opinion, had commented favorably on the representation of Grove, held that its own review of the record found the trial representation to be effective. Thus the PCHA Petition was dismissed. We are constrained to disagree with this disposition of the case by the learned court below.

In addition to the resume of the Appellant's testimony, as related above, other evidence was presented to the PCHA Court. That evidence consisted of proof that the bartender who testified against Grove, and identified him, did in fact have a substantial criminal record which included convictions for manslaughter and armed robbery. The transcript of the trial revealed further that the *sole* witness placing the Appellant at the site of the armed robbery was the bartender. The only other witnesses for the Commonwealth at trial were two police officers who testified about:

(1) The description of the three armed robbers offered by the bartender shortly after the crime, and

(2) The identification by the bartender of the Appellant at a lineup over one month after the robbery. It might be noted that no evidence was offered as to the circumstances of the arrest of the Appellant.

The trial transcript makes it clear that the bartender was alone in the bar when the robbery occurred. Not only was he the only witness who could have identified the holdup men, but he was the sole individual who could testify that any robbery had even taken place. It is readily apparent that the jury's estimation of the bartender's credibility was crucial to their final determination of guilt. We cannot conjecture that the jury in this case may have reached the same findings and conclusions had the bartender's credibility been impeached by cross-examination as to his own prior criminal record.

In *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967) the Appellant claimed trial counsel was ineffective because he had not checked the criminal records of accomplices who testified against the Appellant. The court, while ruling against the defendant on this point, offered the following explanation of its views: "These convictions could then have been employed to attack the credibility of the accomplice testimony. *However, in view of the fact that appellant elected to be tried before a judge alone,* counsel could have permissibly concluded as a *trial tactic* and in light of *trial realities* that any attack upon credibility would have little impact." (Emphasis supplied.) Id., 427 Pa. at 610, 235 A. 2d at 355. In *Commonwealth ex rel. Sprangle v. Maroney,* 423 Pa. 589, 225 A. 2d 236 (1967), the Court passed on another similar situation, however one involving a jury trial. In its analysis, the Court said: "Whether or not defense counsel actually knew of this alleged record, we do not believe the *particular* circumstances of Sprangle's trial justify the conclusion that his conviction was vitiated by reason of his coun-

sel's failure to introduce the witness's prior record. The defense's theory of self-defense substantially relied on the credibility of the defendant's version of the events surrounding the admitted shooting by him. Defense counsel could quite properly have concluded that impeachment of the credibility of an important prosecution witness by means of a prior conviction might make the jurors look with greater suspicion on the defendant's testimony since defendant had a substantial prior record." *Id.*, 423 Pa. at 594, 225 A. 2d at 239-240.

In *Sprangle,* the defendant took the stand to admit prior convictions.

In the *Washington* and *Sprangle* cases, the Supreme Court found valid reasons to believe that counsels' failures to impeach prosecution witnesses with prior criminal records were justifiable trial tactics. No such justification is apparent here. Unlike the situation in *Washington,* a jury was the trier of facts rather than the judge. Unlike *Sprangle,* the Appellant herein did not take the stand to reveal any prior criminal record. Moreover, no defense was presented at trial. Hence, no reasonable tactical reasons may be inferred for counsel's failure to cross-examine the sole witness to identify Grove as to his prior criminal record nor can we justify counsel's failure to meaningfully investigate the criminal background of the witness. For an excellent discussion of the appellate review of a defense counsel's tactical decisions, see *Commonwealth v. McGrogan,* 449 Pa. 584, 297 A. 2d 456 (1972).

For the above reasons, the Appellant must be afforded a new trial. In view of our disposition in this matter, further discussion of other points raised by this appeal would be inappropriate.

Reversed and remanded for a new trial.