**UNITED STATES of America, Plaintiff,**

v.

**Patrick Donald WARD, Defendant.**

**Cr. No. 76–260–C.**

United States District Court,
W. D. Oklahoma.

Dec. 6, 1976.

David L. Russell, U. S. Atty. by William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Ronald L. Howland, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Defendant, Patrick Donald Ward, stands charged by a two-count Indictment with having willfully and knowingly introduced into and upon the grounds of the El Reno Federal Reformatory, marihuana, in violation of Title 18, United States Code, Section 1791, and Title 28, Code of Federal Regulations, Section 6.1, and with possession with intent to distribute marihuana in violation of Title 21, United States Code, Section 841(a)(1). The defendant has filed herein a Motion to Suppress seeking the exclusion at trial of certain incriminating oral and written statements given on October 9, 1976, to Special Agent George Zeigler of the Federal Bureau of Investigation, in the presence of Orvis Mowery, Investigative Officer, at the El Reno Federal Reformatory. The defendant also seeks to suppress approximately two pounds of marihuana recovered on October 9, 1976, from Patrick Donald Ward at the parking lot on the grounds of the El Reno Reformatory by Special Agent George R. Zeigler of the Federal Bureau of Investigation. The defendant alleges that an illegal search and seizure of the marihuana was in violation of the Fourth Amendment, and that the incriminating statements were obtained in violation of his Constitutional rights as stated in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). An evidentiary hearing on the defendant's Motion was conducted on November 29, 1976, wherein the defendant appeared personally and with counsel, Ronald Howland, and the Government appeared by William S. Price, Assistant United States Attorney for the Western District of Oklahoma. During the evidentiary hearing on defendant's Motion, the following relevant facts were developed:

Orvis Mowery, Investigative Officer at the Federal Reformatory, testified that on September 25, 1976, he observed two outgo-

ing letters from inmate Rodger G. O'Lien. One letter was addressed to a Rita Landrum, Jacksonville, Arkansas, and discussed a "Pat and Rita" coming to the Reformatory on December 9, and staying that Saturday and Sunday. The other letter was addressed to a "Diana" and referred to a "Pat", "Tish", and "Rita" bringing some "doobbiieess." Also in the letter, the inmate referred to going out to California and rolling some "doobbiieess." From a reading of these letters, Mowery suspected that the term used was a code for marihuana and that introduction of contraband might be attempted on the week-end of October 9, 1976. O'Lien's visitor file was checked and the only "Pat" who had visited before was a Pat Ward.

Two weeks later on October 9, 1976, two visitors identifying themselves as Pat Ward and Rita Landrum came to the Reformatory to visit Rodger G. O'Lien. Special Agent George Zeigler of the Federal Bureau of Investigation was immediately called by Orvis Mowery. The defendant and Rita Landrum were asked by Mowery to have a seat in the Investigative Lieutenant's Office, that the FBI wanted to talk to them. No interview was conducted until Agent Zeigler and Agent Lillian Mikalonis arrived at the Reformatory and Agent Zeigler advised the defendant, Patrick Donald Ward, of his rights. Ward stated he understood his rights and executed a waiver form prior to his interview. Ward, at the first of the interview, denied he was introducing contraband but volunteered that he had an amount of marihuana in his car parked in the Reformatory parking lot or at his home. Ward's person was then searched with negative results. Ward then voluntarily conducted Agent Zeigler out to his car. While Agent Zeigler stood outside the car, Ward began searching through a canvas bag in his car. Ward was then asked to place the canvas bag on the front seat. Agent Zeigler then observed from outside the car that the open bag was filled with a large number of colored balloons, which were not blown up, but filled with something. The agent stated that Ward had a problem, and Ward acknowledged that he had a problem.

Ward then handed the canvas bag to Agent Zeigler. They both walked back to the Investigative Lieutenant's Office where Ward emptied the contents of the canvas bag onto the desk. The bag contained over 40 balloons filled with marihuana and a small bottle. At the Investigative Lieutenant's Office, Ward was again shown the advice of rights form he had previously signed, asked if he understood those rights, to which he replied affirmatively. Then Ward told Agent Zeigler the full details of how he had bought the marihuana in Arkansas for $270, packaged it in the balloons, and was taking it to deliver to inmate O'Lien in the Reformatory. Ward gave both an oral confession and a signed statement to Agent Zeigler at this time. The defendant was then allowed to leave the Reformatory. Ward was later arrested on November 4, 1976, following his Grand Jury Indictment on November 1, 1976. No statements were taken at that time.

Lieutenant Mowery also testified that the parking lot where the defendant's car was located is on the grounds of a Federal penal institution. It is within the main gate, and only outside entrance, to El Reno Reformatory. When the defendant drove his car into the parking lot, he passed a large sign posted at the entrance to the Reformatory which states:

"Federal Prison System
Notice
It is a federal crime to bring upon these premises any weapons, ammunition, intoxicants, drugs, or contraband. All persons and packages are subject to search."

The defendant, Patrick Donald Ward, testified to the exact same facts as Lieutenant Mowery and Agent Zeigler, except in one respect. Ward stated that Agent Zeigler told him that the sign in front of the Reformatory gave him the right to search his car, and that Ward only took Zeigler out to his car based on this representation. Agent Zeigler testified that he never made such a statement to the defendant.

■ The defendant seeks to suppress his statements on the basis that his Constitu-

tional rights as enunciated in *Miranda* were violated. The defendant was fully advised of his rights in accordance with the procedure specified in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), before any statements were made. Furthermore, the defendant knowingly and voluntarily waived these rights when he signed the standard advice of rights form. Both the oral and written statements that Patrick Donald Ward made to Special Agent Zeigler of the Federal Bureau of Investigation on October 9, 1976, are therefore admissible at trial.

■ The defendant also seeks to suppress the two pounds of marihuana found in the canvas bag in the defendant's car as being the fruit of an illegal search. It is the finding and conclusion of the Court that there was no search by the officer in this case. The agent never entered the defendant's car, and never himself searched inside the canvas bag. The defendant Ward volunteered that the marihuana was in the car; Ward himself searched his own car and handed the bag to the agent. Ward himself likewise emptied the contents of the bag. The defendant did not need to have signed a consent to search, since no search was conducted by law enforcement officials.

Under these facts, the most that can be contended is that the Agent tricked the defendant into searching his own car by the representation that the car could be searched without his consent because of the sign at the gate. The agent's testimony on this point is in direct conflict with the defendant's testimony. It is the Court's finding and conclusion that Agent Zeigler's statement is in fact true, and that Ward was not told that the car could be searched without his consent.

■ Furthermore, the Court finds and concludes that even if such a representation had been made, it would not be improper because it would not have been a false representation. It would have been a true representation of the law that on the grounds of federal prisons, the requirements of the Fourth Amendment do not apply, and the defendant's vehicle could have been searched without arrest, warrant, consent or probable cause.

It is well established that the need to maintain prison security and discipline provides the basis for dispensing with the warrant and probable cause requirement when conducting a search on the grounds of a penal institution. In terms of protected areas, prisons and reformatories have been held not to be within the protection of the Fourth Amendment, *Lanza v. New York,* 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962); *Daugherty v. Harris,* 476 F.2d 292 (10th Cir. 1973); *United States v. Palmateer,* 469 F.2d 273 (9th Cir. 1972); *United States v. Hitchcock,* 467 F.2d 1107 (9th Cir. 1972), cert. denied, 410 U.S. 916, 93 S.Ct. 973, 35 L.Ed.2d 279 (1973).

The Reformatory grounds as well as the prison buildings themselves are excluded from the protection of the Fourth Amendment. As this Court previously stated in *United States v. Kelley,* 393 F.Supp. 755, 757 (D.C.1975):

> "[The] Defendant could have no reasonable expectation of privacy while on prison or reformatory grounds and would be for that reason without the protection of the Fourth Amendment . . . (W)hen the challenged search took place he is not entitled to assert the necessity of a warrant, arrest or consent."

The security of federal prisons requires that such rule be applied.

In conclusion, the Court finds that the statements given and marihuana received from the defendant are admissible at trial. Therefore, the defendant's Motion to Suppress should be denied.

It is so ordered this 6 day of December, 1976.