Commonwealth *v.* Porter, Appellant.

Submitted March 8, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Richard D. Walker,* Public Defender, for appellant.

*Jerome T. Foerster,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 21, 1971:
Order affirmed.

———

CONCURRING OPINION BY HOFFMAN, J. :

The issue presented in the instant appeal is whether the trial judge erred in refusing to admit the testimony of an individual, called by appellant as an alibi witness.[1] Appellant concedes that his trial attorney failed to file a notice of alibi as required by Rule 312 of the Pennsylvania Rules of Criminal Procedure.[2] In addi-

———

[1] Appellant claims that the witness would not have given alibi testimony at all but would have simply authenticated the record of appellant's employment on the day of the crime. Whatever merit this contention may have, it is being raised for the first time on appeal, and I do not believe that we should consider it.

[2] Rule 312 provides in pertinent part:

"(a) When a defendant intends to offer the defense of alibi at trial, he shall at any time before or after indictment but not later than five days before trial, file notice with proof of service on the attorney for the Commonwealth, specifying his intention to claim such defense and giving the place where he will claim to have been at the time of the alleged offense and the names and

tion, appellant admits that his attorney took no action in response to notice, in writing, by the District Attorney's office that compliance with the Pennsylvania Rules of Criminal Procedure would be required.

In light of trial counsel's disregard for the Rules of Criminal Procedure, I cannot conclude that the trial court abused its discretion in excluding the proferred testimony.

It is evident, however, that appellant may have a good claim that his attorney did not provide him with effective assistance of counsel. "Ordinarily, in the absence of clear and irrefutable on the record proof that counsel was ineffective, we will not decide an ineffective assistance of counsel claim on direct appeal. Rather, we will wait until [a Post Conviction Hearing Act] evidentiary hearing has given the Commonwealth an opportunity to show that the representation was effective under the standards enunciated in Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A. 2d 349 (1967)." *Commonwealth v. Benjamin,* 219 Pa. Superior Ct. 344, 345, 280 A. 2d 265, 266 (1971) (SPAULDING, J.)

By affirming the judgment of sentence, it is my understanding that this Court is not precluding appellant from raising an ineffective assistance of counsel claim at a future Post Conviction Hearing Act hearing. On this basis, I concur in affirming the judgment of sentence.

SPAULDING, J., joins in this concurring opinion.

---

addresses of the witnesses he intends to call in support of such claim.

"(b) Unless the interests of justice require it, on a defense of alibi a defendant may not call any witnesses not named in such notice, or any witness on an alibi different from that alleged in the notice."