Commonwealth *v.* Brooks, Appellant.

248

Submitted March 28, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING and CERCONE, JJ. (SPAETH, J., absent.)

*F. Emmett Fitzpatrick, Jr.* and *Fitzpatrick & Smith,* for appellant.

*James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

The sole issue of this appeal is whether the third trial of the defendant was in violation of the double jeopardy clause of the Constitution of the United States.

Appellant, Sidney Brooks, was indicted on multiple charges of burglary and assault and battery. Appellant was brought to trial before the Honorable Raymond Pace ALEXANDER and a jury on November 15, 1965. After some testimony had been taken, a mistrial was declared, over appellant's objection, on November 22, 1965, because the prosecuting attorney was ill. A second jury was impanelled and appellant was tried before the Honorable Stanley M. GREENBERG on February 7, 1966. On February 16, 1966, at the close of the case, and after nine hours of inconclusive deliberation, the jury was discharged and a mistrial was declared without the acquiescence of appellant. Finally, after a third trial before the Honorable John J. McDEVITT and a jury, appellant was found guilty on all charges and sentenced. A direct appeal to this Court resulted in a Per Curiam affirmance. See, *Commonwealth v. Brooks*, 209 Pa. Superior Ct. 761, 231 A. 2d 337 (1967).

On June 23, 1969, the United States Supreme Court held that the double jeopardy clause is applicable to the states through the Fourteenth Amendment.[1] *Benton v. Maryland*, 395 U.S. 784 (1969). As a result of that decision, appellant filed a petition under the Post-Conviction Hearing Act. A hearing was held and appellant's petition was denied on November 9, 1972. This appeal followed.

Whether a re-trial is permissible under the double jeopardy clause after the jury is discharged without reaching a verdict depends on whether there was a "manifest necessity" for the act. *United States v. Jorn*, 400 U.S. 470 (1971); *United States v. Perez*, 9 Wheat. 579 (1824). As the late Justice HARLAN stated in *Jorn*, supra at 484-485: "For the crucial difference between

---

[1] In *Commonwealth v. Richbourg*, 442 Pa. 147, 275 A. 2d 345 (1971), our Supreme Court held that the *Benton* decision was fully retroactive. See *Ashe v. Swenson*, 397 U.S. 436, n.1 (1970).

reprosecution after appeal by the defendant and reprosecution after a sua sponte judicial mistrial declaration is that in the first situation the defendant has not been deprived of his option to go to the first jury and, perhaps, end the dispute then and there with an acquittal. On the other hand, where the judge, acting without the defendant's consent, aborts the proceeding, the defendant has been deprived of his 'valued right to have his trial completed by a particular tribunal.' (Citation omitted.)"

It is irrelevant that defendant has not objected to the trial judge's action in declaring a mistrial. As our Supreme Court recently said in *Commonwealth v. Shaffer et al.*, 447 Pa. 91, 101, 288 A. 2d 727 (1972), "In the absence of such a motion, the Perez doctrine of manifest necessity stands as a command to trial judges not to foreclose the defendant's option until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceeding." (Quoting *Jorn.*)

Appellant was exposed to two judicial proceedings before he was finally convicted in the third trial. The reason for the first mistrial was that the prosecuting attorney was ill. Recent decisional law leads us to the inexorable conclusion that such a reason for subjecting a defendant to a second trial can hardly be considered tantamount to "manifest necessity." See, *Commonwealth v. Ferguson*, 446 Pa. 24, 285 A. 2d 189 (1971) (illness of Commonwealth witness did not justify mistrial).

The second trial was terminated when the jury failed to reach a unanimous verdict after nine hours of deliberation. In *Commonwealth v. Baker*, 413 Pa. 105, 196 A. 2d 382 (1964), our Supreme Court held that double jeopardy attached to a second trial as the trial judge in the first trial had declared a mistrial for the

sole reason that the jury was deadlocked after ten hours of deliberation. The Court declared at 115: "A Judge must tread cautiously in this highly controversial field, being extremely careful to protect society and at the same time not to impinge upon or deny a defendant's constitutional rights. The judge dismissed the jury at the first sign of disagreement, after the jurors had been deliberating only a relatively short period of time. We believe that the trial Judge dismissed the jury (1) before there was any *absolute necessity or realistic justification* for the discharge, and (2) without the actual or express consent of the defendant."

It is not to be forgotten that any doubts as to the existence of a "manifest necessity" of granting a mistrial must be resolved "in favor of the liberty of the citizen, rather than [by exercising] what would be an unlimited, uncertain, and arbitrary judicial discretion." *Commonwealth v. Ferguson*, supra at 30.

Under the circumstances of the instant case, we conclude that the two proceedings which resulted in mistrials should not have been aborted as no "manifest necessity" was evident. Absent exceptional circumstances and overriding societal policy this Court must hearken to the purpose of the Fifth Amendment provision against double jeopardy i.e., "that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Benton v. Maryland*, supra at 796.

For these reasons we reverse the judgment of sentence, vacate the convictions and discharge the appellant.

252

CERCONE, J., dissents.

SPAETH, J., took no part in the consideration or decision of this case.