Commonwealth *v.* Kennedy, Appellant.

Submitted December 4, 1973.   Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Leonard Sosnov* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

James T. Ranney and David Richman, Assistant District Attorneys, Richard A. Sprague, First Assistant District Attorney, and Arlen Specter, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

In this direct appeal from a judgment of sentence for burglary and rape, appellant contends that the second prosecution for these offenses which resulted in a conviction impermissibly placed him twice in jeopardy because his first trial was terminated before verdict without a determination of manifest necessity.

At the conclusion of the judge's charge in the first trial, the jury retired to deliberate at 11:15 a.m. The jury returned to the courtroom at 4:00 p.m. and requested further instructions. At that time, the foreman indicated that further deliberations would be fruitful. After the trial judge answered several questions, the foreman, in light of the judge's answers,[1] stated that he didn't think the jury would be able to reach a unanimous verdict, suggesting that one juror was dissenting. The trial judge then ordered that the jury be polled as to whether additional time was desired.

After the foreman reported that a majority of the jurors wanted to "give it another try", the trial judge ordered that a sealed verdict be taken, instructing the jury that verdicts of guilty, not guilty, or "no verdict" could be returned.[2] He further directed that the sealed

---

[1] The jurors essentially asked the trial judge to determine certain factual conclusions which the trial judge properly refused to do, instructing them that such determinations were for the jurors to make.

[2] We do not approve of the trial judge's action in ordering a sealed verdict. Pa. R. Crim. P. No. 1121(a) permits a sealed verdict to be taken only with the consent of all parties. The rules respecting sealed verdicts appear to authorize only the return of a definite verdict, and not a report of "no verdict". Permitting such a report to be returned allows the jurors to determine for themselves

verdict must be returned before 9:00 p.m.[3]  At approximately 6:00 p.m. the foreman gave the sealed verdict to the bailiff.  On the following morning, the verdict was opened and read "no verdict".  The jurors were polled and all concurred in the report.  The trial judge then discharged the jury.  Appellant's counsel objected to neither the ordering of a sealed verdict nor the discharge of the jury.

Subsequently, appellant was tried before a different judge and jury and found guilty of the charges.  Appellant made no pretrial motions to dismiss the charges on double jeopardy grounds.

The thrust of appellant's argument is that the trial judge made no determination that the jury in the first trial was "hopelessly deadlocked" prior to discharging it, and that there was consequently no showing of manifest necessity for terminating the trial prior to verdict. See *Commonwealth v. Baker*, 413 Pa. 105, 196 A. 2d 382 (1964).  The Commonwealth argues that appellant may not now raise the issue because of appellant's failure to object to the discharge or move for a dismissal of the charges prior to the second trial.  Appellant counters

---

when they are hopelessly deadlocked. This is contrary to the requirement that a jury may be discharged for failure to reach a verdict only if there is no "reasonable probability of agreement", and that determination is for the trial judge alone. *Commonwealth v. Brown*, 451 Pa. 395, 301 A. 2d 876 (1973) ; *Commonwealth v. Brooks*, 225 Pa. Superior Ct. 247, 310 A. 2d 338 (1973) ; see *Barriner v. District Court*, 174 Col. 447, 484 P. 2d 774 (1971) ; *Parham v. State*, 47 Ala. App. 76, 250 So. 2d 613 (1971) ; *People v. Doolittle*, 99 Cal. Rptr. 810, 23 Cal. App. 3d 14 (1972).

[3] Setting a time limit on the length of jury deliberations poses two obvious dangers: if the time limit is unduly long, a dissenting juror might succumb to the pressures of the majority ; on the other hand, a shorter time limit might encourage an obstinate juror to "stick it out" until the time is up. Needless to say, an automatic discharge of the jury after the expiration of a time limit is an abdication of the trial judge's responsibility to determine whether the jury is hopelessly deadlocked. See n. 2, supra.

by arguing that his attorney's failure to raise the issue below constituted palpable ineffective assistance of counsel, and that he should, therefore, be entitled to raise the issue on direct appeal.

Normally, issues not raised by proper objection or motion in a trial court will not be considered for the first time on appeal. *Commonwealth v. Agie,* 449 Pa. 187, 296 A. 2d 741 (1972). This rule is especially applicable where the failure to raise an issue, even a constitutional one, may be "a deliberate choice of trial strategy." *Henry v. Mississippi,* 379 U.S. 443, 451 (1965); *Commonwealth v. McGrogan,* 449 Pa. 584, 297 A. 2d 456 (1972). In most circumstances, counsel's choice of strategy is binding on the defendant. If, however, counsel's course of action is "unmotivated by any reasonable tactical choice", the defendant will not be bound and may, in a collateral proceeding, obtain relief on the basis of ineffective assistance of counsel. *Commonwealth v. Cheeks,* 429 Pa. 89, 97, 239 A. 2d 793 (1968).

Although it may be possible on appeal to show ineffective assistance of counsel in failing to object [see *Commonwealth v. Sullivan,* 450 Pa. 273, 276-278, 299 A. 2d 608 (1973)], absent clear and irrefutable proof on the record that counsel was ineffective or that his actions (or inaction) were not motivated by a reasonable tactical decision, the issue of counsel's ineffectiveness should not be reached on direct appeal. *Commonwealth v. Harding,* 225 Pa. Superior Ct. 84, 89, 90, 310 A. 2d 326, 328, 329 (1973); *Commonwealth v. Porter,* 220 Pa. Superior Ct. 222, 224, 281 A. 2d 701, 704 (1971) (concurring opinion). Counsel in the instant case may well have feared the possibility of an adverse verdict had the jury been required to engage in further deliberations, thus impliedly consenting to the discharge of the jury. Cf. *United States v. Phillips,* 431 F. 2d 949, 950-1 (3d Cir. 1970); *Commonwealth ex rel. Mont-*

*gomery v. Myers,* 422 Pa. 180, 189, 220 A. 2d 859 (1966). If counsel made such a tactical choice in the first trial, his failure to move for a dismissal of the charges prior to the second trial may have resulted from a conclusion that a double jeopardy claim was waived by the strategic decision not to object to discharge of the first jury.

In conclusion, we do not believe that the record reflects such a clear and irrefutable case of ineffective assistance of counsel that the failure to properly raise the issue in the court below can be excused and the issue considered on *direct* appeal.[4] Although counsel's inaction may not have been motivated by tactical considerations, such a conclusion cannot be made from the trial record.

Judgment of sentence affirmed.

---

[4] Since a fundamental constitutional right is involved, if counsel did indeed fail to object for tactical reasons, it would be of paramount importance to determine whether appellant was informed of the options available to him at the time the jury was discharged. Although some trial decisions are such that they must be binding on the defendant, others are of such a fundamental nature that the defendant's participation in the decision or his knowledge of the options may be necessary. See *Commonwealth v. Jefferson,* 423 Pa. 541, 226 A. 2d 765 (1967) ; *Commonwealth v. McGrogan,* 449 Pa. 584, 588, n. 12, 297 A. 2d 456 (1972) ; *United States ex rel. Bruno v. Herold,* 408 F. 2d 125 (2d Cir. 1969) (WATERMAN, J., dissenting) ; see also ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function, the Defense Function §5.2(b) and 5.2(c) (commentary).