## Commonwealth v. Cameron

*Robert A. Longo, Assistant District Attorney,* for Commonwealth.

*Thomas E. Harting* and *William C. Haynes,* for defendant.

JOHNSTONE, *P. J.*, July 11, 1975—Defendant, Jeffrey Lee Cameron, was indicted for the offense of burglary and theft by unlawful taking. This case was joined for trial with similar charges against Allen Winfield Mobley without any motion for severance.

During the course of the trial, a Commonwealth witness, who was a school crossing guard, testified that she went to the Detective Division of the Lancaster City Police with Lieutenant Henry and after looking through some mug shot books picked out defendant Mobley's picture. Mobley's counsel immediately objected and moved for a mistrial. Cameron's counsel refused to join in the motion for a mistrial, but the court granted the motion and discharged the jury.

Defendant, Cameron, has now filed his petition to have the indictment against him dismissed on the ground that he did not consent to the mistrial and that a retrial would place him under double jeopardy. The merits of this petition have been argued before the court en banc.

As was stated in Commonwealth v. Allen, 448 Pa. 177, 292 A. 2d 373 (1972), at page 182: "Once it is determined that a jury could reasonably conclude from the photographic reference prior criminal activity on the part of the defendant prejudicial error has been committed." In our opinion, the jury in this case could have reasonably inferred from the mention of police "mug shots" that the co-defendant, Mobley, had engaged in prior criminal activity. In our opinion, it was proper to grant Mobley's motion for a mistrial.

A mistrial was granted generally, and this applied to defendant, Cameron, as well as the co-defendant, Mobley. The question here is whether it

was proper to declare a mistrial in the absence of any such request on the part of Cameron and in view of his refusal to join in the motion, Pa.R.Crim. P. 1118, as amended, June 28, 1974, effective September 1, 1974, provides:

"When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity.

"Double jeopardy attaches if a mistrial is declared without 'manifest necessity' or without the defendant's request or consent.": Commonwealth v. Wideman, 453 Pa. 119, 122, 306 A. 2d 894 (1973). "Whether a retrial is permissible under the double jeopardy clause after the jury is discharged without reaching a verdict depends on whether there was a 'manifest necessity' for the act.": Commonwealth v. Brooks, 225 Pa. Superior Ct. 247, 249, 310 A. 2d 338 (1973).

The manifest necessity for granting a mistrial is not easily determined. The case of Commonwealth v. Stewart, 456 Pa. 447, 317 A. 2d 616 (1974), was decided shortly before the amendment to Rule 1118. In that case, the Supreme Court decided that the trial court has the inherent power under proper circumstances to declare a mistrial sua sponte. In that case, it was learned after the jury had been selected that the father of the murder victim was acting as a tipstaff from the time the jury panel was convened.

In the present case, we felt that a mistrial was necessary since there was obvious prejudice to the co-defendant, Mobley, and the jury would more than likely associate Mobley's previous criminal record with defendant, Cameron. We were con-

vinced that if trial were to proceed against Cameron alone, the mention of "mug shots" would have been made a reason for a new trial as to Cameron. However, we are convinced that under the ruling in Commonwealth v. Allen, supra, the mention of "mug shots" of Mobley would not have been good cause to grant a new trial as to Cameron. We must conclude, therefore, that there was no manifest necessity for declaring a mistrial as to defendant, Cameron.

## ORDER

And now, July 11, 1975, the motion to dismiss the indictment as to defendant, Jeffrey Lee Cameron, is granted and defendant is discharged.