J-S11022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALEXANDER FLORES | |
| Appellant | No. 1816 EDA 2017 |

Appeal from the Order entered May 31, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003501-2015

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                                    **FILED MAY 17, 2018**

Appellant, Alexander Flores, appeals from the May 31, 2017 order entered in the Court of Common Pleas of Philadelphia, denying his motion to bar re-trial on double jeopardy grounds.  Appellant contends the trial court erred in finding manifest necessity for a mistrial based on the prosecutor's heart attack during trial.  Following review, we affirm.

The trial court provided the following procedural history:

[Appellant] was arrested on October 21, 2014, and charged with murder, conspiracy, violations of the Uniform Firearms Act and possessing an instrument of crime.  [Appellant] was held for court on all of the charges following a preliminary hearing on April 3, 2015.  A jury trial commenced August 22, 2016 until August [25] at which time, the sole prosecutor trying the case suffered a heart attack.  Having continued the matter for a day to obtain medical confirmation of the attorney's condition, the court considered the available alternatives and then declared a mistrial.  A motion to bar re-trial on double jeopardy grounds was filed on behalf of

[Appellant] on April 16, 2017 and following a hearing on May 31, 2018 denied. Timely appeal was made to the Superior Court.

Trial Court Rule 1925(a) Opinion, 8/22/17, at 1 (some capitalization omitted).[1]

The trial court further explained that a jury was selected on August 22. "The lone prosecutor presented the Commonwealth's case through August 24th." *Id.* at 2. The assigned homicide detective was scheduled to testify on August 25, but the prosecutor suffered a massive heart attack in the early morning hours of August 25, was rushed to the hospital, and was confined to the intensive care unit. *Id.* The trial court continued the proceeding until the following day in order to obtain an update on counsel's condition. On Friday, August 26, the trial court learned that the attorney was still in intensive care and would not return to work for at least six weeks.

The Commonwealth requested a thirty-day continuance in hopes that another attorney could review the file, including the transcripts from the first three days of trial, and be ready to finish the trial. Counsel for Appellant objected, contending that another prosecutor should be able to finish the trial after the weekend. *Id.* at 2-3. By order entered May 31, 2017, the trial court denied Appellant's motion.

Appellant asks us to consider one issue in this appeal:

I. Should [Appellant's] re-trial be barred on double jeopardy grounds due to the fact that the lower court erred when it *sua sponte* found a manifest necessity for a mistrial without

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

first exploring possible alternatives that would have permitted [Appellant's] original trial to continue to proceed?

Appellant's Brief at 3.

Our rules of criminal procedure govern mistrials and provide, in relevant part, that "[w]hen an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. **Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity**." Pa.R.Crim.P. 605(B) (emphasis added).

In ***Commonwealth v. Walker***, 954 A.2d 1249 (Pa. Super. 2008) (*en banc*), this Court reiterated that "[i]t is within a trial judge's discretion to declare a mistrial *sua sponte* upon the showing of manifest necessity, and absent an abuse of that discretion, we will not disturb his or her decision." ***Id.*** at 1254 (quoting ***Commonwealth v. Kelly***, 797 A.2d 925, 936 (Pa. Super. 2002) (additional citations omitted)). Further,

> the determination by a trial court to declare a mistrial after jeopardy has attached is not one to be lightly undertaken, since the defendant has a substantial interest in having his or her fate determined by the jury first impaneled. ***Kelly***, 797 A.2d at [936] (citing ***Commonwealth v. Stewart***, 456 Pa. 447, 452, 317 A.2d 616, 619 (1974)). Additionally, failure to consider if there are less drastic alternatives to a mistrial creates doubt about the propriety of the exercise of the trial judge's discretion and is grounds for barring retrial because it indicates that the court failed to properly consider the defendant's significant interest in whether or not to take the case from the jury. ***Id.*** (quoting ***Commonwealth ex rel. Walton v. Aytch***, 466 Pa. 172, 352 A.2d 4 (1976)). However, there can be no rigid rule for finding manifest necessity since each case is individual. ***Commonwealth v. Rivera***, 715 A.2d 1136, 1138 (Pa. Super. 1998).

*Id.* at 1255-56. ***See also Gori v. United States***, 367 U.S. 364, 368 (1961) (Supreme Court has "long favored the rule of discretion in the trial judge to declare a mistrial and to require another panel to try the defendant if the ends of justice will be served . . . and [has] consistently declined to scrutinize with sharp surveillance the exercise of that discretion").

Appellant contends there was no manifest necessity for granting a mistrial. He notes that the Commonwealth did not request a mistrial and claims the trial court did not adequately consider alternatives to a mistrial. Citing ***Commonwealth v. Bradley***, 457 A.2d 911 (Pa. Super. 1983),[2] he suggests that the trial court's failure to consider alternatives before declaring a mistrial is grounds for barring retrial.

Here, the trial court clearly considered alternatives. As the trial court explained:

> First, the case was continued for a day until an exact diagnosis and prognosis of the attorney could be obtained. Then multiple alternatives were considered by the court, including a thirty day continuance and the possibility of assigning another assistant prosecutor to the case. [Appellant's] counsel objected to these alternatives. After reviewing the available alternatives, and receiving a diagnosis and prognosis of the ill assistant prosecutor the court declared a mistrial. The prosecutor was currently confined to the intensive care unit of the hospital and was precluded from returning to work for an undetermined amount of time but for a minimum of at least several weeks. Although the

---

[2] In his brief, Appellant indicates that ***Bradley*** is a decision from our Supreme Court. In fact, the opinion he quotes is an opinion from this Court. However, that decision was affirmed *per curiam* by our Supreme Court. ***See Commonwealth v. Bradley***, 470 A.2d 524 (Pa. 1984).

trial court did consider other alternatives, none were plausible. As such [Appellant's] reliance on ***Bradley*** is misplaced.

Trial Court Opinion, 8/22/17, at 5 (citation to notes of testimony omitted) (some capitalization omitted). Further,

[t]he case was not uncomplicated. The allegations were that on the evening of December 15, 2011 a group of men, including [Appellant], were hanging out in a school parking lot on the corner of East Somerset Street and Coral Street in Philadelphia. Supposedly, [Appellant], "Big Al"—Alexander Flores, was the boss of a drug organization to which the other men were connected. The conversation turned to who owed money to [Appellant]. The exchange ended with [Appellant] handing Randy Diaz a gun and ordering Diaz to kill Juan Modesto Cruz[.] Diaz in return, directed Christopher Martinez to drive him around the block and when Diaz exited the vehicle for Martinez to wait for him, leaving the car in gear for a quick getaway. Having spotted Cruz in the 2000 block of east Auburn Street, Diaz exited the vehicle, shot Cruz five times, killing him, and then he jumped back in the car, fleeing the area with Martinez.

***Id.*** at 3 (citation to notes of testimony omitted). As the trial court explained:

Three days of trial had been completed [when the prosecutor suffered his heart attack]. It was not known if [Appellant] intended to present any evidence. The ill prosecutor was the only government attorney familiar with the case. He had handled the matter since the beginning, was the sole attorney who prepared the case and the only attorney presenting the case in the courtroom. There was additional testimony to be presented by the assigned homicide detective and exactly what testimony needed to be solicited was only known to the ill prosecutor. If [Appellant] chose to present any evidence or testify himself, there was no attorney able to adequately cross-examine any defense witness. The Commonwealth requested a one-month continuance to allow another Assistant District Attorney to read the notes of testimony and prepare to represent the state throughout the rest of the case. [Appellant] objected to a thirty-day continuance, claiming there was no reason the matter could not resume following the weekend.

***Id.*** at 3-4 (citation to notes of testimony omitted).

- 5 -

In support of his contention that the trial court erred in finding "manifest necessity" for granting the mistrial, Appellant cites four cases, only one of which involved the illness of a prosecuting attorney. Appellant's Brief at 8-9. In one of those cases, **Commonwealth v. Brooks**, 310 A.2d 338 (Pa. Super. 1973), this Court found there was no manifest necessity for declaring two mistrials, the first when the prosecutor became ill and the second when the jury was unable to reach a verdict after deliberating for nine hours. A third trial resulted in a conviction, which this Court affirmed *per curiam* on direct appeal. **Commonwealth v. Brooks**, 231 A.2d 337 (Pa. Super. 1967).

The case returned to this Court on appeal from denial of post-conviction relief, with the sole issue being "whether the third trial of the defendant was in violation of the double jeopardy clause of the Constitution of the United States." **Brooks**, 310 A.2d at 338.

The Court considered the first two mistrials, including the mistrial for prosecutorial illness, but did not discuss the nature of the prosecutor's illness or when he might be able to resume trial, and did not mention whether or not the trial court considered alternatives to declaring a mistrial. The Court simply noted that the "reason for the first mistrial was that the prosecuting attorney was ill." **Id.** at 339. The Court continued, stating that "[r]ecent decisional law leads us to the inexorable conclusion that such a reason for subjecting a defendant to a second trial can hardly be considered tantamount to 'manifest

- 6 -

necessity'." ***Id.*** (citing ***Commonwealth v. Ferguson***, 285 A.2d 189 (Pa. 1971)).

In ***Ferguson***, another case cited by Appellant, our Supreme Court determined there was no manifest necessity for granting a mistrial when a witness became ill. The Court determined that the trial court failed to consider other alternatives before granting a mistrial, including sending "the jury home early for the day until more was known about [the witness'] health." ***Ferguson***, 285 A.2d at 191. "[A]nything less than a definite diagnosis, introduced with more formality than merely the introduction into evidence of the fact of the telephone call of the undoubtedly nervous wife of the prosecution witness, does not give the trial court ample grounds for subjecting appellant to the continuing ordeal of a pending trial." ***Id.***

Here, the trial court did precisely what our Supreme Court found lacking in ***Ferguson***. The trial judge sent the jury home for the day and investigated the prosecutor's condition and prognosis. After obtaining information about the massive heart attack, confinement to intensive care, and counsel's inability to return to work for an extended period of time, the trial court entertained the Commonwealth's request for a thirty-day continuance, a request that drew an objection from Appellant's counsel. Only then did the trial court conclude that manifest necessity existed warranting a mistrial. As the trial court observed, "the trial court complied with the mandates of ***Ferguson***." Trial Court Opinion, 8/22/17, at 6.

Appellant contends that the trial court was obligated to "exhaust all other reasonable alternatives." Appellant's Brief at 9. In particular, Appellant argues that the record is devoid of any indication the trial court attempted to determine if the jurors could return thirty days later. *Id.* In light of Appellant's objection to the Commonwealth's request for a thirty-day continuance, we find Appellant's assertion disingenuous. Further, because it was uncertain when the prosecutor could return to work, there was no point in asking if the jurors would be available to return at some unknown future date.

Although our courts have not discussed in any depth the propriety of a mistrial based on prosecutorial illness, courts in several of our sister states have had that opportunity. *See, e.g., State v. Anderson*, 988 A.2d 276 (Ct. 2010) (finding trial court did not abuse its discretion in declaring mistrial when prosecutor became seriously ill). In that case, the Supreme Court of Connecticut noted decisions from Arkansas, Iowa, New Mexico and South Carolina, all of which involved the illness or death of the prosecutor.[3] The Court concluded:

> The general consensus that emerges from these cases is that a court properly exercises its discretion in declaring a mistrial when

---

[3] In the New Mexico case, a one-week continuance was actually necessitated by defense counsel's illness but was followed by the prosecutor's scheduled back surgery. Because neither the defendant nor the state could obtain substituted counsel due to the complexity of the case, the mistrial was determined to be reasonable. *State v. Saavedra*, 108 N.M. 38, 766 P.2d 298 (1988).

a prosecutor becomes seriously ill during trial such that he requires a lengthy absence, and no other prosecutor is able to step in to resume the trial within a reasonable period.

*Id.* at 286. While none of the cases from outside this jurisdiction is binding on this Court, we do find them supportive of our conclusion that the trial court in the instant case did not abuse its discretion in declaring a mistrial *sua sponte* under the circumstances of this case. More importantly, we conclude that the trial court took the measures outlined in **Ferguson** before declaring a mistrial. Finding no abuse of discretion in the trial court's decision to declare a mistrial *sua sponte*, we shall not disturb the trial court's order.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/18